**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KIONTAE LAWAYNE PARKER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-26-2588-HE** |
| | ) | |
| **DONALD THURMAN et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate appearing *pro se*, brings this action alleging violations of his constitutional rights while imprisoned at the Oklahoma State Penitentiary, in McAlester Oklahoma. This matter has been referred by United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

**DISCUSSION**

The Court is obligated to review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). As part of this obligation, the Court may consider whether venue is proper *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) (unpublished) (holding that a district court may consider venue on

a § 1915 screening); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (unpublished) (acknowledging district court has discretion to dismiss or transfer for improper venue).

Venue is proper in a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Plaintiff alleges his constitutional rights were violated at the Oklahoma State Penitentiary (OSP) and he names only OSP prison officials as Defendant(s). OSP is located in or near the city of McAlester, Oklahoma, in Pittsburg County, and Pittsburg County is located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Accordingly, because the events or omissions giving rise to the claims occurred in the Eastern District of Oklahoma, venue is proper in that Court.

Although this matter is subject to dismissal, a district court may cure a defect in venue by transferring the case to "any district or division in which it could have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). In this instance,

transfer of this case to cure the jurisdictional defect is in the interest of justice. As such, it is recommended that this Court transfer this case to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

It is recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) should be determined by the transferee Court.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **October 16, 2026**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 29, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE